UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 08 CR 5 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| PATRICK M. McKIBBINS | ) | |

**GOVERNMENT'S MOTION FOR A PROTECTIVE ORDER**
**TO PRESERVE PROPERTY FOR CRIMINAL FORFEITURE**

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, requests entry of an order to maintain custody of certain property to preserve it for criminal forfeiture. In support of its motion, the government states the following:

1. On January 8, 2008, during the execution of a federal search warrant issued in the Eastern District of Wisconsin for the residence of defendant PATRICK M. MCKIBBINS located at 6682 N. 90th Street, Milwaukee, Wisconsin, law enforcement officials with the Bureau of Immigration and Customs Enforcement ("ICE") seized assorted computer equipment and peripherals, including but not limited to the following:

   (a)   one Generic Black Desktop Computer with handle;

   (b)   one Generic Black Desktop Computer, serial number WMANN1222008;

   (c)   one Toshiba laptop, serial number 09314439;

   (d)   approximately thirteen (13) hard drives;

   (e)   approximately thirty (30) floppy disks; and

   (f)   approximately eighty-two (82) optical media discs.

2. On or about January 11, 2008, written notice of ICE's intention to forfeit the seized property was sent to all interested parties, as required by 18 U.S.C. § 2461(c) 983(a)(1)(A).

3. On February 11, 2008, defendant PATRICK M. MCKIBBINS filed a claim to the subject property with ICE in a nonjudicial civil forfeiture proceeding against the property. Subsequently, ICE referred the claim to the United States Attorney's Office, under the administrative forfeiture proceedings, to commence a civil forfeiture action pursuant to the provisions of 18 U.S.C. § 2428. Pursuant to 18 U.S.C. § 983(a)(3)(A), as incorporated by 18 U.S.C. § 2428(b)(2), the Government has ninety days from the date defendant PATRICK M. MCKIBBINS filed his claim to commence a civil forfeiture action or obtain a criminal indictment containing an allegation that the seized property is subject to forfeiture.

4. On March 20, 2008, a superseding indictment was returned charging defendant PATRICK M. MCKIBBINS with certain violations, including violations of 18 U.S.C. §§ 2422(b) and 2423(b). The superseding indictment seeks forfeiture of certain assets, including the seized property, as property that was used to commit or to facilitate the commission of said violations.

5. Since the seized property is alleged to be subject to forfeiture upon the conviction of defendant PATRICK M. MCKIBBINS , the government requests entry of this order to preserve and protect the property so that it is ultimately available to satisfy any forfeiture judgment entered by the Court at the time of sentencing. Specifically, 18 U.S.C. § 983(a)(3)(B)(ii)(II), as incorporated by 18 U.S.C. § 2428(b)(2), provides that when the Government chooses to forfeit property that has been seized for civil forfeiture proceedings, it must "take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute if a claim has been filed."

6. Section 853(e)(1)(A) of Title 21, as incorporated by 28 U.S.C. § 2461(c), provides in pertinent part:

>Upon application of the United States, the court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property described in subsection (a) for forfeiture under this section upon the filing of an indictment or information charging a violation of this subchapter or subchapter II of this chapter for which criminal forfeiture may be ordered under this section and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section;...

7.      Because the seized property is in the custody of the United States, and the grand jury has determined that there is probable cause to believe that the property is subject to forfeiture, the government requests that an order be entered allowing it to maintain custody of the seized property pursuant to 21 U.S.C. § 853(e)(1), as incorporated by 28 U.S.C. § 2461(c), in order to preserve the availability of the seized property for forfeiture in this action.  Although 21 U.S.C. § 853(f) authorizes the issuance of a criminal seizure warrant, in cases similar to this case, where the property in question is already in the government's custody, it is inappropriate for a court to issue a seizure warrant directing the government to seize property from itself.  *See In Re: 2000 White Mercedes ML320*, 220 F.Supp.2d 1322 (M.D.Fla. Sep 25, 2001) (if property is already in government custody, no § 853(f) seizure warrant can be issued, as an order under § 853(e) would be sufficient to preserve the property).

8.      As set forth in the superseding indictment, the government intends to seek forfeiture of the seized property as part of the prosecution in this matter.  In order to ensure that the seized property is available for forfeiture proceedings, the United States must maintain custody of this property.  If the seized property is not maintained in the government's custody pending the outcome of any forfeiture proceedings, it is likely to be transferred, concealed or otherwise made unavailable to satisfy the defendant's forfeiture liability.  If the seized property is transferred or concealed, it will be difficult, if not impossible, to trace the property that was involved in the charged illegal

activity. Further, upon entry of a forfeiture judgment, considering the character of this property, it will not be available to satisfy any forfeiture judgment entered by this Court at the time of sentencing.

WHEREFORE, pursuant to 21 U.S.C. § 853(e)(1)(A), as incorporated by 28 U.S.C. § 2461(c), the United States respectfully moves this Court to enter an order directing that seized personal computers including hard and zip drives; seized peripheral connecting cables and equipment; seized computer disks including compact disks, floppy disks, CD-Rom disks, and zip disks; and seized images, in whatever form, including those stored on DVD, including the following specific property, be maintained by the United States through the conclusion of the pending criminal case:

    (a)    one Generic Black Desktop Computer with handle;

    (b)    one Generic Black Desktop Computer, serial number WMANN1222008;

    (c)    one Toshiba laptop, serial number 09314439;

    (d)    approximately thirteen (13) hard drives;

    (e)    approximately thirty (30) floppy disks; and

    (f)    approximately eighty-two (82) optical media discs.

    Respectfully submitted,

    PATRICK J. FITZGERALD
`    United States Attorney

By:   /s/Bethany K. Biesenthal
    BETHANY K. BIESENTHAL
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 886-7629

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that the following documents:

**Government's Motion for a Protective Order to Preserve Property for Criminal Forfeiture**

were served on May 9, 2008, in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

 /s/Bethany K. Biesenthal
BETHANY K. BIESENTHAL
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 886-7629