

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 08 CR 5 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| PATRICK M. MCKIBBINS | ) | |

**ORDER TO PRESERVE CERTAIN
PROPERTY SUBJECT TO FORFEITURE**

This matter comes before the Court on the application of the United States for entry of an order allowing the Government to maintain custody of certain property to preserve the property for forfeiture, and the Court being fully advised finds as follows:

(a)   On January 8, 2008, during the execution of a federal search warrant issued in the Eastern District of Wisconsin for the residence of defendant PATRICK M. MCKIBBINS located at 6682 N. 90th Street, Milwaukee, Wisconsin, law enforcement officials with the Bureau of Immigration and Customs Enforcement ("ICE") seized assorted computer equipment and peripherals, including but not limited to the following:

1. one Generic Black Desktop Computer with handle;
2. one Generic Black Desktop Computer, serial number WMANN1222008;
3. one Toshiba laptop, serial number 09314439;
4. approximately thirteen (13) hard drives;
5. approximately thirty (30) floppy disks; and
6. approximately eighty-two (82) optical media discs;

(b)   On or about January 11, 2008, written notice of ICE's intention to forfeit the seized property was sent to all interested parties, as required by 18 U.S.C. § 983(a)(1)(A);

(c)   On February 11, 2008, defendant PATRICK M. MCKIBBINS filed a claim to the subject property with ICE in a nonjudicial civil forfeiture proceeding against the property.

Subsequently, ICE referred the claim to the United States Attorney's Office, under the administrative forfeiture proceedings, to commence a civil forfeiture action pursuant to the provisions of 18 U.S.C. § 2428. Pursuant to 18 U.S.C. § 983(a)(3)(A), as incorporated by 18 U.S.C. § 2428(b)(2), the Government has ninety days from the date defendant PATRICK M. MCKIBBINS filed his claim to commence a civil forfeiture action or obtain a criminal indictment containing an allegation that the seized property is subject to forfeiture;

(d)     On March 20, 2008, a superseding indictment was returned charging defendant PATRICK M. MCKIBBINS with certain violations, including violations of 18 U.S.C. §§ 2422(b) and 2423(b). The superseding indictment seeks forfeiture of certain assets, including the seized property, as property that was used to commit or to facilitate the commission of said violations;

(e)     Since the seized property is alleged to be subject to forfeiture upon the conviction of defendant PATRICK M. MCKIBBINS, the government requests entry of this order to preserve and protect the property so that it is ultimately available to satisfy any forfeiture judgment entered by the Court at the time of sentencing. Specifically, 18 U.S.C. § 983(a)(3)(B)(ii)(II), as incorporated by 18 U.S.C. § 2428(b)(2), provides that when the Government chooses to forfeit property that has been seized for civil forfeiture proceedings, it must "take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute if a claim has been filed;"

(f)     The property identified in the superseding indictment is alleged to be subject to forfeiture pursuant to 18 U.S.C. § 2428. Section 853(e) of Title 21, as incorporated by 28 U.S.C. § 2461(c), provides in pertinent part:

>    (1)     Upon application of the United States, the court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property . . . for forfeiture under this section–;

(g) Because the property is in the custody of the United States, and the grand jury has determined that there is probable cause to believe that certain property belonging to the defendant is subject to forfeiture, an order must be entered pursuant to 21 U.S.C. § 853(e)(1), as incorporated by 28 U.S.C. § 2461(c), to preserve the availability of the property for forfeiture;

(h) In order to ensure that the property is available for forfeiture proceedings, the United States shall maintain custody of this property. If the seized property is transferred or concealed, it will be difficult, if not impossible, to trace the property. Further, upon entry of a forfeiture judgment, considering the character of this property, the property will not be available to satisfy any forfeiture judgment entered at the time of sentencing.

Accordingly, it is hereby ORDERED, DIRECTED and ADJUDGED:

1. That pursuant to 21 U.S.C. § 853(e)(1), as incorporated by 28 U.S.C. § 2461(c), seized personal computers including hard and zip drives; seized peripheral connecting cables and equipment; seized computer disks including compact disks, floppy disks, CD-Rom disks, and zip disks; and seized images, in whatever form, including those stored on DVD, including the following specific property, shall be maintained by the United States through the conclusion of the pending criminal case to preserve the property so that it is available to satisfy the forfeiture liability of the defendant:

  (a) one Generic Black Desktop Computer with handle;

  (b) one Generic Black Desktop Computer, serial number WMANN1222008;

  (c) one Toshiba laptop, serial number 09314439;

  (d) approximately thirteen (13) hard drives;

  (e) approximately thirty (30) floppy disks; and

(f)   approximately eighty-two (82) optical media discs.

ENTER: /s/ Robert W. Gettleman

───────────────────────────
ROBERT W. GETTLEMAN
United States District Judge

Date: JULY 11, 2008