UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 08 CR 5 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| PATRICK McKIBBINS | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION TO RECONSIDER DETENTION ORDER**

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, hereby responds to defendant's Motion to Reconsider Detention Order. The government respectfully requests that this court deny defendant's motion and order defendant detained pending trial. In further support of its position, the government states the following:

1.      On January 3, 2008, defendant was arrested and charged by criminal complaint with traveling in interstate commerce from the state of Wisconsin, to the state of Illinois, for the purpose of engaging in illicit sexual conduct as defined in Title 18, United States Code, Section 2423(f), in violation of Title 18, United States Code, Section 2423(b). On the same date, defendant appeared before Magistrate Judge Soat Brown for an initial appearance. (Dkt. No. 5.) During that hearing, the government moved to detain defendant pending trial. (*Id.*) A detention hearing was set for January 7, 2008. (*Id.*)

2.      On January 7, 2008, the parties appeared before Magistrate Judge Soat Brown for defendant's detention hearing. During that hearing, the government reiterated its position that detention was warranted and appropriate in this case. (*See* 1/7/08 Hearing Transcript at 2, attached hereto as Exhibit A.) However, the government also expressed willingness to accept the strict

1

conditions listed in the pretrial services report, which included, among other things, a secured bond. (*Id.*) In addition, the government requested that defendant's mother act as his third party custodian and that defendant relinquish his computer, which was the instrumentality of the offense charged on January 3, 2008. (*Id.*) Indeed, the government specifically informed defendant of its desire to seize and search defendant's computer: "Also that Mr. McKibbins agree that the government can seize and search his computer, the computer that was the instrumentality of the crime alleged in the criminal complaint." (*Id.*) Magistrate Judge Soat Brown also expressly informed defendant that his computer would be searched: "There is going to be a search conducted of this computer." (*Id.* at 6.) After some discussion with his attorney and family members, defendant chose to waive his right to a detention hearing. (*Id.* at 11.) Magistrate Judge Soat Brown then ordered the defendant detained without prejudice to move at a later time for release on pretrial conditions. (Dkt. No. 5.)

3.     Only hours after the January 7, 2008, detention hearing,[1] defendant made three recorded phone calls from the Jerome Combs Detention Center in Kankakee, Illinois, where he was being housed pending trial, to his residence, which he shares with several family members. The first call occurred at 4:24 p.m., the second at 5:39 p.m., and the last at 5:57 p.m. During those phone calls, defendant instructed family members to remove and conceal the computer located in his bedroom and also made statements indicating that there were other instant message chats and pictures contained on his computer. Specifically, defendant stated, among other things:

---

[1] Defendant's detention hearing began at 1:30 p.m. At the conclusion of the hearing, defendant was transported by the U.S. Marshal's Service to the detention facility in Kankakee, Illinois. The first phone call made by defendant to his family members was approximately three hours later, at 4:24 p.m. The transcript of the first recorded phone call indicates that at the time of the call, the family members who were present for the detention hearing had not yet arrived back in Milwaukee, Wisconsin.

- "But now my attorney also said unless they get a warrant . . . I think they already got one.  I think they're racing Mom and them home." (4:24 p.m. call)

- "get that damn computer out of there and put it somewhere." (4:24 p.m. call)

- "Just grab all them disks out of there and give them to John.  All of them." (4:24 p.m. call)

- "there's, then there's chat lines where there's IM's" (5:39 p.m. call)

- "See, yes, I have accepted pictures, John." (5:39 p.m. call)

- "And clean out under my bed, and give John those disks under the gerbil cage.  He can have those . . ." (5:57 p.m. call)

4.     On January 8, 2008, the government obtained and executed a search warrant for defendant's residence located in Milwaukee, Wisconsin.  As a result of the search, the government seized and searched, among other things, a computer located in defendant's bedroom, computer related equipment, and media disks.   The government subsequently performed a forensic examination of the seized items.  A forensic examiner with the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), prepared a report detailing the results of the forensic examination.  The report revealed that defendant's computer contained, among other things, numerous profile images of young individuals downloaded from PalTalk, an internet service that permits its users to chat online and send pictures.  A copy of the report, which was previously provided to defense counsel, (bates numbers 349-355), is being provided to the Court along with the additional materials described below.

5.     On January 31, 2008, defendant was charged in a two count indictment, charging defendant with using interstate wire communications to attempt to entice "Ashley," whom defendant believed to be a female minor, in violation of Title 18, United States Code, Section 2422(b) (Count One) and traveling in interstate commerce in order to engage in a sexual act with "Ashley," whom

3

defendant believed to be a female minor, in violation of Title 18, United States Code, Section 2423(b) (Count Two).  Count One, which was not charged in the January 3, 2008, criminal complaint, carries a mandatory minimum sentence of ten years' imprisonment.

6.    On March 20, 2008, defendant was charged in a superseding indictment, including an additional count for attempted obstruction of justice, in violation of Title 18, United States Code, Section 1512(c)(1) and 2.  Count Three is based on recorded phone calls made by the defendant from the Jerome Combs Detention Center, including, but not limited to, the calls described in paragraph 3.  The superseding indictment also included forfeiture allegations for all computers and computer related equipment seized from defendant's home.

7.    On August 5, 2008, the parties appeared before this Court for a hearing on defendant's Motion to Reconsider Detention Hearing and Request for Pretrial Release.  During that hearing, the government argued that defendant should remain detained because he is a danger to the community and a serious risk of flight.  The government explained that the defendant poses a serious risk of flight given the strength of the evidence on all of the counts and the lengthy mandatory minimum sentence associated with Count One of the indictment.  In addition, the government stated that the defendant is a danger to the community given the nature of the offense and the difficulty with which computer activity may be monitored and controlled.  The government also made a proffer of evidence seized from defendant's computer which tends to establish that defendant has communicated online with young individuals other than "Ashley."

8.    In addition, the government explained the circumstances that led to the attempted obstruction of justice charge alleged in Count Three.  The government argued that not only do the recorded calls further establish that defendant engaged in instant message conversations with young individuals other than "Ashley," but that if the defendant cannot abide by the law while he is incarcerated, there is every indication that he will be unable to abide by any conditions of bond.

9.     During the August 5, 2008, hearing, this Court requested that the government provide the Court with additional information.  Specifically, this Court requested:

(a)  a copy of the January 7, 2008, transcript of defendant's detention hearing.  That transcript, which was produced to defendant's counsel on April 30, 2008, (bates numbers 439-451), is attached hereto as Exhibit A;

(b)  copies of the recorded conversations described during the hearing and in paragraph 3 of this Response, as well as corresponding transcripts of those phone calls. Pursuant to this Court's request, the government will provide, along with a courtesy copy of this Response, recordings of three phone calls and corresponding draft transcripts.[2]  Each of the three phone calls were made from the Jerome Combs Detention Center to defendant's residence on January 7, 2008;

(c)  additional information concerning the profile images found on defendant's computer.  Specifically, this Court requested additional information concerning the statement contained in the forensic examination report that counsel for the government read at the August 5, 2008, hearing: defendant's computer contained, among other things, "176 images of young individuals that were chatting with subject via PalTalk."  On August 6, 2008, counsel for defendant and counsel for the government together reviewed a compact disc containing the referenced images. Based on that review, the parties agree that approximately 176 profile images were discovered on defendant's computer.  The parties also agree that the majority of the images depicted

---

[2]  The transcripts are not official transcripts.  Rather, they are preliminary drafts prepared for purposes of this proceeding only.  The government will provide defense counsel with a copy of the same transcripts, but with the understanding that the draft transcripts will not be used in any other proceeding (bates numbers 483-499).  While the government previously produced to defense counsel a disc containing numerous recorded phone calls made by defendant from the Jeromb Combs Detention Center, the government will also provide defense counsel with a duplicate of the disc that is being provided to this Court (bates number 480).

young females.  As stated above, the government also will provide this Court with a copy of the forensic report.

10.     The government submits that the evidence proffered during the August 5, 2008, hearing and the evidence that is being submitted for this Court's further review establish that defendant poses a danger to the community and a serious risk of flight.  As discussed at the hearing, the contents of defendant's computer and the phone calls made by defendant clearly establish that no conditions or combination of conditions would reasonably assure defendant's appearance and the safety of any other person.  In addition, as the government stated at the hearing, the conditions proposed by defendant are deficient because, among other reasons, an electronic monitoring bracelet cannot assure that defendant is not using a computer.  In addition, the family members who are willing to act as third party custodians are the same family members who defendant was living with at the time of the instant offense.  Accordingly, defendant should be detained pending trial.

WHEREFORE, the government, respectfully requests that this Court deny defendant's motion and order defendant detained pending trial.

Respectfully submitted,
PATRICK J. FITZGERALD
United States Attorney


By:     /s/Bethany K. Biesenthal
BETHANY K. BIESENTHAL
MICHELLE NASSER
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 886-7629

6

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned Assistant United States Attorney hereby certifies that the following documents:

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION TO RECONSIDER DETENTION ORDER**

were served on August 8, 2008, in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

By:     /s/Bethany K. Biesenthal
        BETHANY K. BIESENTHAL
        Assistant United States Attorney
        219 South Dearborn Street
        Chicago, Illinois 60604
        (312) 886-7629