# Exhibit A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS (Chicago)

. . . . . . . . . . . . . .

UNITED STATES OF AMERICA,    .
                             .
        Plaintiff,           .  Docket No. 08-CR-0005-1
                             .
    v.                       .
                             .
PATRICK M. McKIBBINS         .  Chicago, Illinois
                             .  January 7, 2008
        Defendant.           .

. . . . . . . . . . . . . .

DETENTION HEARING
BEFORE THE HONORABLE MAGISTRATE JUDGE
GERALDINE SOAT BROWN

APPEARANCES:

FOR THE PLAINTIFF:      BETHANY BIESENTHAL
                        UNITED STATES ATTORNEY'S OFFICE
                        219 South Dearborn Street
                        Suite 1200
                        Chicago, IL  60604

FOR THE DEFENDANT:      CHARLES J. ARON
                        Attorney at Law
                        19 West Jackson Boulevard
                        Suite 212
                        Chicago, IL  60604


        TRANSCRIBER'S NOTE:  The Pretrial Services
        Officer who addressed the Court was standing
        so far from the microphone that much of her
        testimony was inaudible.                  RS


Transcribed by:         Riki Schatell
                        6033 North Sheridan Road, 28-K
                        Chicago, Illinois  60660
                        773/728-7281

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

1  THE CLERK: 08-CR-0005, U.S.A. vs. Patrick McKibbins.
2  MS. BIESENTHAL: Good afternoon, your Honor, Bethany
3  Biesenthal on behalf of the United States.
4  MR. ARON: Good afternoon, your Honor, Charles Aron,
5  A-r-o-n, on behalf of the defendant who is present in court.
6  THE COURT: All right, Mr. McKibbins, would you state
7  your name so the recording system picks up the fact of your
8  presence.
9  MR. McKIBBINS: Patrick McKibbins.
10  THE COURT: Okay. We're here for the detention
11  hearing with respect to Mr. McKibbins and also to have a status
12  on the question of the preliminary hearing. So how would you
13  like to proceed, Ms. Biesenthal?
14  MS. BIESENTHAL: Well, your Honor, it's the govern-
15  ment's contention and position that this is an appropriate case
16  for detention. However the government would be willing to
17  accept to accept the conditions as outlined in the Pretrial
18  Service report plus a couple of others which would include Mr.
19  McKibbins' mother acting as his third-party custodian. I
20  understand that she's in court now and can be admonished.
21  Also that Mr. McKibbins agree that the government may
22  seize and search his computer, the computer that was the
23  instrumentality of the crime alleged in the criminal complaint.
24  MR. ARON: Which they will return to him in a
25  reasonable --

```
 1        MS. BIESENTHAL: Which we will return to him in a
 2  reasonable period of time. And in addition, to clarify that
 3  unsupervised contact with minors, as listed as a condition in
 4  the Pretrial Services report, would also include Mr. McKibbins'
 5  daughter.
 6        THE COURT: All right.
 7        MR. ARON: Actually, your Honor, the Pretrial
 8  Services report indicates that there is a gun which belongs to
 9  Mr. McKibbins' father which is in (inaudible). His mother
10  informed me that that gun will be removed and will be
11  transferred to the custody of his sister, who lives in another
12  residence.
13        THE COURT: Good. Now I understand that the home of
14  Mr. McKibbins' mother where he will be residing is in
15  Wisconsin.
16        MR. ARON: That's correct.
17        THE COURT: So the supervision would be the courtesy
18  of the district in Wisconsin.
19        Now I want to inquire a little bit about the computer
20  issue. Now I don't know how many computers are actually in the
21  home or whether Mr. McKibbins uses a computer at work. One of
22  the conditions in the proposed pretrial release memorandum is
23  do not access the Internet or make use of any computer
24  equipment.
25        MR. ARON: The work is no problem because he's
```

4

1  unemployed.
2          THE COURT: Okay. Well, I assume that the Pretrial
3  Services are going to be encouraging him to get employment but
4  that's something that will have to be kept in mind about that.
5          MR. ARON: Right.
6          THE COURT: But how about the home?
7          MR. ARON: How many computers are there?
8          MR. McKIBBINS: (Inaudible).
9          MR. ARON: Just one.
10         THE COURT: That's it? There's --
11         MR. McKIBBINS: There's only one operable.
12         THE COURT: I'm sorry, Mr. Aron, you want to talk to
13 your client and find out?
14         MR. McKIBBINS: There are two and only one is
15 working.
16         MR. ARON: There's only one working.
17         THE COURT: Okay. So what is going to be the
18 condition is that Mr. McKibbins will not be using the computer
19 at all?
20         MR. ARON: No.
21         THE COURT: Well, that's important to understand
22 because if his mother is going to be his custodian she's going
23 to have to monitor that. Now in this day and age many people
24 conduct a lot of their financial transactions over the Internet
25 from everything from as important as paying your mortgage right

```
 1   down to ordering of videos, so if Mr. McKibbins is not going to
 2   have access to the computer, that's going to be something
 3   that's going to have to be watched on a pretty much 24-hour
 4   basis. How do you think that can be done?
 5           MR. ARON:  (Inaudible).
 6           THE COURT:  Do you want to take a few minutes --
 7           MR. ARON:  Yes.
 8           THE COURT:  -- and talk to your client and Mr.
 9   McKibbins?
10           MR. ARON:  I think (inaudible).
11                                                        (Pause.)
12           MR. ARON:  Judge, he doesn't use it for -- He doesn't
13   have the wherewithal to even have the account so that he could
14   use it for banking, and I don't think he gets his videos on
15   line either, so . . .
16           THE COURT:  Okay. Well, just as long as that is a
17   realistic condition. That's always my concern about these
18   things: Are they realistic? And --
19           MR. ARON:  Yes, I believe that he understands that he
20   cannot, even though the computer will be returned to him he
21   cannot go on line for any -- on the Internet for any purpose.
22           THE COURT:  All right. And the other users of the
23   computer, including the other residents of the home, are
24   agreeable to the condition that Ms. Biesenthal talked about,
25   the searching and seizing of the computer?
```

```
 1                                                        (Pause.)
 2          MR. ARON:  When his daughter visits she's been known
 3   to use the computer but I guess she just won't.
 4          THE COURT:  Okay.
 5          MR. ARON:  His mother doesn't use the computer and
 6   his father is in the hospital with a stroke so he won't be
 7   using it either.
 8          THE COURT:  Okay.
 9          MS. BIESENTHAL:  And the government will have the
10   computer returned in a reasonable amount of time.
11          THE COURT:  Okay.  There is going to be a search
12   conducted of this computer, which will be limited to, you know,
13   any kind of evidence or instrumentalities or fruits of this
14   particular offense, but of necessity it's going to involve some
15   looking at other people's potentially private materials on that
16   computer.  I just want to make sure that everybody understands
17   that.
18          MR. ARON:  In speaking to his mother I don't believe
19   she's --
20          FEMALE VOICE:  (Inaudible).
21          MR. ARON:  -- they are in use.
22          THE COURT:  Okay, all right.  If it's realistic, then
23   we'll have -- If Mrs. McKibbins would come forward, please.
24          MR. ARON:  Your Honor, also present in court is his
25   sister and his brother-in-law.
```

```
 1              THE COURT:  All right.
 2              Madam, would you state your name for the record,
 3   please?
 4              MRS. McKIBBINS:  Donna McKibbins.
 5              THE COURT:  And what is your relationship to the
 6   defendant who is standing before me?
 7              MRS. McKIBBINS:  Mother.
 8              THE COURT:  Another question I have is the suggestion
 9   that there be a secured bond.  Now there doesn't appear to be
10   any resources to put up a secured bond.
11              MR. ARON:  There are no resources, neither cash nor
12   property that are available.
13              THE COURT:  What is the Pretrial Officer's thought
14   about this?
15              PRETRIAL SERVICES OFFICER:  Your Honor, of course we
16   did consider the unsecured bond, the secured question.  After
17   reviewing the arrest record and such things like the employment
18   (inaudible), we just felt like that the bond needed to be
19   secured.  That is after a review of all of the facts
20   (inaudible).
21              THE COURT:  Well, how are we going to do that if at
22   the moment there's apparently no security that's available to
23   be posted here?
24              PRETRIAL SERVICES OFFICER:  There are -- His parents
25   do own their home.  I'm not sure how they would, if -- the
```

```
 1   father being in the hospital at this time whether or not he's
 2   (inaudible), (inaudible) on the property or not is unknown to
 3   me.  At this time they're not willing to post the property, I'm
 4   told, and I'm told they don't (inaudible) personal property as
 5   well.  However, just (inaudible) circumstances are of the case
 6   (inaudible) we just felt that that needed to be secured.
 7   (Inaudible) parents (inaudible).
 8            MR. ARON:  Your Honor, the defendant's criminal
 9   history is misdemeanor-based.  There are no felonies in his
10   criminal history.  Mrs. McKibbins is unwilling to do any
11   posting of any property at this time because her husband is in
12   the hospital with a stroke that he had last weekend.  Because
13   of the uncertainties of that type of condition, I think you can
14   understand why she wouldn't want to take such a step, and how
15   can he quitclaim his property when he's incapable of signing
16   anything at this point?
17            THE COURT:  But Mrs. McKibbins would be willing to
18   sign an unsecured bond?
19            MR. ARON:  Absolutely.
20            THE COURT:  Well, Mrs. McKibbins is employed and for
21   32 years with a company -- You're still working there, Mrs.
22   McKibbins?  At H & R Bindery?
23            MRS. McKIBBINS:  Um-hum.
24            THE COURT:  All right then, -- was that yes?
25            MRS. McKIBBINS:  Yes.
```

```
 1          THE COURT:  Okay.  I think what I'm going to do is
 2   I'm going to direct there be a $50,000 unsecured bond.  You
 3   don't have to put any property up in order to get that but if
 4   your son does not appear in court as required, then the govern-
 5   ment can collect that against any assets you might own.  You
 6   don't have to put any money up.  It's totally in his hands.
 7   You don't have to put any money up today.  You don't have to
 8   post your property.  But if he doesn't show up then the govern-
 9   ment can collect that against any assets he might have and you
10   might have, so the condition here is that he show up in court.
11          MRS. McKIBBINS:  That means my house is still up for
12   grabs?
13          THE COURT:  Why don't you talk to Mr. Aron about
14   that?
15          MR. ARON:  (Inaudible) it's not up for grabs unless
16   he violates the condition of the bond.
17          (Inaudible conversation.)
18          THE COURT:  The issue is Mr. McKibbins' agreeing to
19   appear here in court on the days when he's required to attend.
20   It's not a long distance from here to your home but he does
21   have to attend.  And what the Pretrial Services Officer is
22   recommending to me is that he not be released unless there is
23   actual property posted.  I'm going to overrule that.  I'm going
24   to allow him to be released, but it's on the understanding that
25   if he doesn't show up there's going to be a serious financial
```

consequence for him, and if he's unemployed for anyone who cosigns his bond. This is an important responsibility.

It also gives those who have agreed to be his custodian incentive to insure he complies. You won't lose a thing if he complies with the conditions of his release and shows up when he's supposed to show up.

MRS. McKIBBINS: How is he supposed to show up if this is the distance to go? What if he were to have an accident or something happened and he didn't show up, that would be his fault.

THE COURT: It's never been my experience that the government has sought to collect on a bond in a situation where it wasn't the person's fault, he was in an accident. He's represented by very able counsel here. Counsel will report to the Court that there has been an accident and verify the situations and get an alternative day to show up.

We're talking about if he flees the jurisdiction, if he deliberately stays away from court, if he does something to evade coming to court, if he is convicted and sentenced to serve a term of imprisonment and he doesn't serve that term. If something like that happens then the government can collect that bond against any assets he might own and any assets that any other person cosigning with him might own.

MRS. McKIBBINS: No.

MR. ARON: Judge, can I have a moment?

```
1        THE COURT:  Yes.  Why don't you take a moment --
2        Why don't we break for a moment and allow Mr. Aron to
3   talk with his client and the client's family.
4                     (Recess taken.)
5        MR. ARON:  Your Honor, what we just spoke about is
6   now moot.  At this time we are not going to object to detention
7   and reserve the right to ask that it be done without prejudice
8   at this time.
9        THE COURT:  All right.  That's fine.
10       MR. ARON:  The family situation is so unstable at
11  this time because of his father that it's too much -- They
12  don't need another stressor.
13       THE COURT:  Okay.  Well, I certainly will agree to
14  that and the government's motion for -- The defendant agrees
15  not to contest the government's motion for pretrial detention
16  at this time without prejudice to the defendant's right to move
17  for a release on conditions.  If that's the ruling, then that's
18  the ruling.
19       MR. ARON:  And needless to say, the agreement about
20  searching, that's also --
21       THE COURT:  That was part of the conditions of
22  release.
23       MR. ARON:  Correct.
24       THE COURT:  So that's done, too.  I mean that's moot.
25       MR. ARON:  Okay.
```

```
1       THE COURT:  So let's see.
2       MR. ARON:  All I need is a probable cause date.
3       THE COURT:  All right.  Then let's set a date for the
4  hearing on probable cause.  Let's see.  Today is the 7th.  How
5  soon can you be ready, Ms. Biesenthal?
6       MS. BIESENTHAL:  I believe we would be ready by
7  Friday.
8       THE COURT:  Friday is not a good day for me.  Can you
9  come in either on Wednesday afternoon or on, let's see, could
10 you be ready by Wednesday afternoon?
11      MS. BIESENTHAL:  I suppose I can.
12      MR. ARON:  Judge, my schedule is pretty much messed
13 up the rest of this week.  How does the 14th look?
14      THE COURT:  Well, not great.
15      MR. ARON:  Or the 16th?
16      THE COURT:  All right, let's --
17      MS. BIESENTHAL:  I'm available on the 16th.
18      THE COURT:  Let's do the 16th.  Let's do the 16th at
19 10:00 or 10:30.
20      MR. ARON:  Right.
21      THE COURT:  Make it 10:30.
22      MR. ARON:  That will be fine.
23      THE COURT:  10:30 on the 16th for preliminary
24 examination.  If you want to bring a motion in the meantime for
25 pretrial release on conditions, then let me -- let my courtroom
```

```
1  deputy know and we'll deal with it then.
2          MS. BIESENTHAL:  Thank you, Judge.
3          MR. ARON:  Thank you.
4          THE COURT:  Okay, that will be the order.
5              (Hearing adjourned.)
```

I, RIKI SCHATELL, certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

_____        April 19, 2008
Riki Schatell                    Date