UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 08 CR 5 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| PATRICK M. McKIBBINS | ) | |

**GOVERNMENT'S CONSOLIDATED MOTIONS *IN LIMINE***

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, hereby respectfully requests that this Court grant its Motions *In Limine*. Specifically, the government requests that this Court grant its Motion to introduce certain evidence obtained from defendant's computer, grant its Motion to admit online conversations in their entirety, and grant additional unopposed Motions that are outlined in more detail below. In further support of its Motions, the government states as follows:

**I.   Background**

    **A.   Procedural Background**

On or about January 3, 2008, Patrick M. McKibbins was arrested in the Northern District of Illinois for traveling in interstate commerce from the state of Wisconsin, to the state of Illinois, for the purpose of engaging in illicit sexual conduct with a minor, in violation of Title 18, United States Code, Section 2423(b). On January 31, 2008, defendant was charged in a two count indictment, charging defendant with using interstate wire communications to attempt to entice "Ashley," whom defendant believed to be a female minor, in violation of Title 18, United States Code, Section 2422(b) (Count One) and traveling in interstate commerce in order to engage in a sexual act with "Ashley," whom defendant believed to be a female minor, in violation of Title 18, United States Code, Section 2423(b) (Count Two). On March 20, 2008, defendant was charged in a superseding

indictment, including an additional count for attempted obstruction of justice, in violation of Title 18, United States Code, Sections 1512(c)(1) and 2. The superseding indictment also includes forfeiture allegations for all computers and computer related equipment seized from defendant's home in a search conducted on January 8, 2008. A trial on all three counts is set for October 27, 2008.

      **B.**    **Factual Background.**

Beginning on November 22, 2007, a detective with the Winfield (Illinois) Police Department Internet Investigations Unit conducted an undercover online investigation using undercover screen names from two Internet Service Providers ("ISP"), America Online ("AOL") and Yahoo!. Using those screen names, the undercover detective engaged in numerous online conversations with an individual using screen names ROADS999666 (ISP AOL) and deisel69a (ISP Yahoo!). The undercover later determined that the individual using those screen names was defendant. Specifically, it was determined that defendant owned the screen name ROADS999666 and that the screen name deisel69a was used with an IP address that is leased to defendant's home. In addition, the individual using those screen names went by the name "Pat," and sent a video recording that included a depiction of his face. The male depicted in that video recording is the defendant.

The undercover agent and defendant had numerous online conversations. During those conversations, the undercover detective held himself out to be a 15 year old girl named "Ashley" who resides in the Chicagoland area. During several online conversations, defendant, who admitted that he was 42 years old, discussed engaging in sexual conduct with "Ashley." After several such conversations, defendant and "Ashley" agreed to meet in Illinois on January 3, 2008. Defendant indicated that he and "Ashley" would have sexual intercourse during that meeting.

On January 3, 2008, Agents with the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), conducted surveillance outside of McKibbins' residence. During that surveillance, ICE Agents observed McKibbins travel from his residence in Milwaukee, Wisconsin, across state lines into Illinois. ICE Agents then observed McKibbins arrive at the park in Winfield, Illinois, where he and "Ashley" had agreed to meet. At that time, McKibbins was arrested. After his arrest, McKibbins stated, among other things, that he was only there to "kiss her." During a search of McKibbins' person incident to arrest, ICE Agents recovered a box of condoms from defendant's coat pocket.

On January 7, 2008, the parties appeared before Magistrate Judge Soat Brown for defendant's detention hearing. At that hearing, the government specifically informed defendant of its desire to seize and search defendant's computer. After some discussion with his attorney and family members, defendant chose to waive his right to a detention hearing. Only hours later, defendant made three recorded phone calls from the Jerome Combs Detention Center in Kankakee, Illinois, where he was being housed pending trial, to his residence, which he shares with several family members. During those phone calls, defendant instructed family members to remove and conceal the computer located in his bedroom and also made statements indicating that there were other instant message chats and pictures contained on his computer. It was these calls that led to the attempted obstruction of justice charge in the superseding indictment.

On January 8, 2008, the government obtained and executed a search warrant for defendant's residence located in Milwaukee, Wisconsin. As a result of the search, the government seized and searched, among other things, a computer located in defendant's bedroom, computer related equipment, and media disks. The government subsequently performed a forensic examination of

the seized items. A forensic examiner with ICE, prepared a report detailing the results of the forensic examination. The report revealed that defendant's computer contained, among other things, approximately 176 profile images of young individuals downloaded from PalTalk, an internet service that permits its users to chat online and send pictures. The report also revealed that defendant's computer contained five images of suspected child pornography depicting young females engaged in various sexual activities.

## II.     Motion to Admit Evidence Obtained from Defendant's Computer.

The government intends to present evidence of the results of the forensic examination that was performed on defendant's computer and computer equipment. Specifically, the government intends to introduce evidence of defendant's possession of the suspected child pornography and PalTalk profile images. It is the government's position that the evidence is direct evidence of the instant crime, and in the alternative, is inextricably related to the charged activity, and is otherwise admissible under Federal Rule of Evidence 404(b).

### A.     Proffer of Evidence to be Presented at Trial

#### i.     Suspected Child Pornography

As described above, a forensic examination of defendant's computer revealed five images of suspected child pornography depicting young females engaged in various sexual activities. While the young females depicted in the images are not known, and therefore it is impossible to determine whether they are actually under the age of 17, it is evident from reviewing the images that the females appear to be young. In addition, the titles of the images are indicative of child pornography. Specifically, each title includes the word "teen," or the acronym "tn." The government seeks to admit the images themselves into evidence at trial. These images will be made available to the Court for inspection upon request.

4

### ii. Profile Images

Numerous profile images of young individuals were also downloaded on defendant's computer. Specifically, 176 profile images were found. The vast majority of those images depict females who appear to be quite young. Indeed, on August 6, 2008, counsel for defendant and counsel for the government together reviewed the disc containing the profile images. As a result of that review, counsel for defendant stipulated for purposes of defendant's Motion to Reconsider Detention Order that "the majority of the images depicted young females." (Dkt. No. 31 at 5). The forensic examination also revealed that the images were downloaded from PalTalk, a service that allows its users to chat, send images, videos, and web cams. The service is similar to, and offers the same capabilities as, the service provider used by defendant to communicate with "Ashley." Again, the government requests to introduce the profile images as exhibits at trial and the images will be made available to the Court for inspection upon request.

### B. The Evidence is Direct Evidence of Defendant's Intent.

As a preliminary matter, the government notes that this evidence need not be considered as inextricably intertwined or Rule 404(b) evidence at all. "Other acts" evidence is admissible without reference to Rule 404(b) if the evidence arose out of the same transaction or series of transactions as the charged offense, if it is inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime on trial. *United States v. Lahey*, 55 F.3d 1289, 1295-96 (7th Cir. 1995) (evidence admissible where evidence is "inextricably intertwined" with, or completes the story of, a charged offense); *United States v. King*, 126 F.3d 987, 995 (7th Cir. 1997). If the evidence is so related, "the only limitation on the admission of such evidence is the balancing test required by Rule 403." *United States v. Hilgeford*, 7 F.3d 1340, 1345 (7th Cir. 1993). Indeed, the evidence discovered on defendant's computer is direct evidence of defendant's intent in this case. The government anticipates that, at trial, defendant will argue that

5

he did not intend to engage in sexual conduct with "Ashley," when he wrote to the undercover detective online and when he traveled to the park in Winfield, Illinois. Evidence of defendant's interest in pornographic images that contain young females goes directly to defendant's intent and his desire. The same is true for the profile images which again are direct evidence of defendant's intent. As such, the evidence should be admitted as direct evidence in this case. However, in an abundance of caution, the government also explains why the evidence is both inextricably intertwined with the charged offenses and, in the alternative, gives notice of its intent to use 404(b) evidence.

      C.    **The Evidence Should Be Admitted as Inextricably Related to the Charged Offenses.**

The evidence the government seeks to admit is also admissible because it is directly related to, and inextricably intertwined with, the charged offenses. Notably, "Rule 404(b) does not apply when the other acts are directly related to the charged offense." *United States v. Adames*, 56 F.3d 737, 742 (7th Cir. 1995). "For evidence of prior bad acts to be subject to the admissibility requirements of Rule 404(b), they must at the very least be 'other acts' not intricately related to the charged offense." *United States v. Elder*, 16 F.3d 733, 737 (7th Cir. 1994). Indeed, the Seventh Circuit has a "well-established line of precedent which allows evidence of uncharged acts to be introduced if the evidence is 'intricately related' to the acts charged in the indictment." *United States v. Gibson*, 170 F.3d 673, 680 (7th Cir. 1999).

Under the "intricately related" doctrine, the admissibility of uncharged acts turns on:

> whether the evidence is properly admitted to provide the jury with a "complete story of the crime [on] trial,["] . . . whether its absence would create a "chronological or conceptual void" in the story of the crime, . . . or whether it is "so blended or connected" that it incidentally involves, explains the circumstances surrounding, or tends to prove any element of the charged crime.

6

*Id.* at 681 (*quoting United States v. Ramirez*, 45 F.3d 1096, 1102 (7th Cir. 1995)). "In other words, direct evidence of an essential part of the crime charged is not covered by Rule 404(b)." *Elder*, 16 F.3d at 737.

It is true that a recent Seventh Circuit case questioned the usefulness of the inextricably-intertwined doctrine. *United States v. Taylor*, 522 F.3d 731 (7th Cir. 2008). However, *Taylor* did not explicitly overrule the long-established precedent adopting the doctrine, nor could the opinion do so without *en banc* review or circulation of the opinion pursuant to Seventh Circuit Rule 40(e). Indeed, after *Taylor* was decided, the Seventh Circuit again applied the inextricably-intertwined doctrine to affirm the introduction of evidence that explained the chronology of events leading up to the charged crime, *United States v. Samuels*, 521 F.3d 804, 813 (7th Cir. 2008), and evidence of prior criminal acts that showed how a relationship of trust and cooperation developed into the charged crime, *United States v. Wantuch*, 525 F.3d 505, 517-18 (7th Cir. 2008). Furthermore, not long ago the Seventh Circuit explicitly rejected an invitation to overrule or narrow the doctrine. *United States v. Senffner*, 280 F.3d 755, 765 (7th Cir. 2002). The Court in *Senffner* extensively discussed the textual basis for the doctrine and the rationale for treating inextricably-intertwined evidence as outside Rule 404(b)'s purview. *Id.* at 763-65. Evidence that is inextricably-intertwined with the charged crime poses less risk of unfair prejudice than "other acts" evidence that is unconnected with the charged crime. *Id.* at 764.

In the present case, the proffered evidence directly supports the intent element of the enticement and travel charges as described above, but also supports the attempted obstruction of justice charge. Based on defense counsel's statements in open court on August 12, 2008, the government anticipates that defendant will argue at trial that he did not realize the government intended to seek his computer or did not have a right to seize his computer when he requested that his family members conceal it. However, defendant's intent to hide and conceal something of

*evidentiary* value is made obvious by the fact that suspected child pornography was located on his computer. In addition, the sheer number of profile images saved to the computer indicates not only *what* defendant wanted to hide – but *why* he wanted to hide it. Specifically, the profile images show that defendant wanted to hide the fact that his conduct in this case was not an isolated incident. The evidence is thus inextricably related to the charges and should be admitted.

>   **D.**    **The Proffered Evidence is Also Admissible under Rule 404(b)**

Even if this Court finds that the proffered evidence is not direct evidence or is not inextricably related to the charged crimes, the evidence is nonetheless admissible pursuant to Rule 404(b) of the Federal Rules of Evidence to show intent, motive, and knowledge with respect to the charged offenses.

Pursuant to Rule 404(b), evidence of other crimes, wrongs or acts is admissible so long as the evidence is not offered to "prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). Specifically, Rule 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

*Id.* The drafters of Rule 404(b) intended for it to be a rule of inclusion, not exclusion. *United States v. Jordan*, 722 F.2d 353, 356 (7th Cir. 1983). Indeed, the intent of the rule is to emphasize the admissibility of other acts evidence. *Id.* The statutory list of permissible purposes for which evidence may be admitted under the rule is not exhaustive but is illustrative, and emphasizes admissibility. *See United States v. Manso-Portes*, 867 F.2d 422, 426 (7th Cir. 1989).

To determine admissibility under Rule 404(b), courts must determine whether:

> (1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged; (2) the evidence shows that the other act is similar enough and close enough in time to be

8

>relevant to the matter in issue; (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act; and (4) the evidence has probative value that is not substantially outweighed by the danger of unfair prejudice.

*Gibson*, 170 F.3d at 678.

Rule 404(b)'s list of permissible purposes is not exhaustive. *Taylor*, 522 F.3d at 735. Indeed, although *Taylor* questioned the inextricably-intertwined doctrine, the opinion emphasized that "[a]lmost all evidence admissible under the 'inextricably interwoven' doctrine is admissible" under Rule 404(b). *Id.* To make that point, the Court affirmed the introduction of evidence that explained the "absence of mistake" on the part of a witness, who testified that she was able to understand a term used by the defendant as a reference to a drug sale because she had accompanied him on prior drug sales. *Id.* Additionally, the Court in *Taylor* also stated that "the need to avoid confusing the jury" is "a legitimate item to add to the list" of permissible Rule 404(b) purposes. *Id.* at 736.

The evidence described above is relevant to issues other than propensity. Specifically, the evidence is relevant to defendant's intent, motive, and knowledge. When the crime charged requires proof of specific intent, such as the instant charges, a defendant's intent and knowledge are automatically at issue, and Rule 404(b) evidence is always relevant. *United States v. Long*, 86 F.3d 81, 84 (7th Cir. 1996). Moreover, the government is entitled to introduce Rule 404(b) evidence on the issue of intent, regardless of whether the defendant places his intent at issue. *United States v. Briscoe*, 896 F.2d 1476, 1499 (7th Cir. 1989).

Indeed, the Seventh Circuit and numerous courts have admitted evidence similar to that at issue here, in particular the uncharged images of suspected child pornography, to prove defendant's intent, motive and knowledge. *See United States v. Angle,* 234 F.3d 326, 343 (7th Cir. 2000) (uncharged child pornography admissible because they involved the same type of offense, the

exploitation of minors for sexual purposes, arose out of the same occurrence, and completed the story of the crime on trial); *United States v. Long*, 328 F.3d 655, 661-665 (D.C. Cir. 2003) (uncharged child pornography admitted to prove intent).

The possession of suspected child pornography and profile images of young females are illustrative of defendant's sexual attraction toward young females and his interest in talking with them online. The Seventh Circuit has noted that:

> [w]here the issue addressed is the defendant's intent to commit the offense charged, the relevancy of the extrinsic offense derives from the defendant indulging himself in the same state of mind in the perpetration of both the extrinsic and charged offenses.

*United States v. Torres,* 977 F.2d 321, 326 (7th Cir. 1992). In this case, the "state of mind" in which defendant indulged, through his possession of suspected child pornography and profile images, was a desire to engage in sexual conduct with young females.

As the Tenth Circuit stated in *United States v. Garot*, 801 F.2d 1241 (10th Cir. 1986), child pornography is "particularly relevant to proof of scienter as required . . . for offenses involving certain activities related to sexual exploitation of minors, because they show previous interest in child pornography." *Id.* at 1247. Such reasoning applies to the relevance of defendant's possession of suspected child pornography and profile images of young females – all of which involved defendant's interest in minors and his desire to speak to those female minors. The evidence thus supports the government's theory that he intended to entice and engage in sexual activity with "Ashley," whom he believed to be a female minor.

The evidence also negates any argument by defendant that his intentions in corresponding with and then meeting "Ashley" were innocent. In *State v. Davis*, 670 A.2d 786 (R.I. 1996), the Supreme Court of Rhode Island upheld the introduction of prior sexual misconduct of a defendant charged with child molestation who claimed that the touching at issue was innocently motivated. In so finding, the court stated,

> defendant clearly made innocent intent an issue, and the state had the burden of proving beyond a reasonable doubt that the touching was done for the purpose of sexual gratification. Therefore the evidence that defendant had committed an earlier sexual assault upon a child in a similar context would tend to negate defendant's contention that his touching of [the victim] was innocently incident . . .

*Id.* at 789. Like in *Davis*, the images of suspected child pornography and profile images of young females establish defendant's state of mind and intent to entice and engage in sexual activity with "Ashley."

In the present case, the proffered evidence is also essential to the jury's understanding of the circumstances surrounding the charged crimes, particularly, defendant's pattern, motive, and desire to entice and engage in inappropriate conduct with underage females and the method by which he carried out that pattern, namely, through the use of the computer. The evidence also is direct evidence of defendant's intent – it directly illustrates his sexual desires pertaining to female minors, and his intent and desire to communicate with those female minors online, just as he did with "Ashley." This evidence directly establishes that defendant was in fact the individual communicating with "Ashley" online, and more importantly, that he intended to engage in sexual conduct with her when he traveled from the state of Wisconsin to the state of Illinois.

In addition, this evidence tends to establish defendant's intent and knowledge relating to the attempted obstruction of justice charge. Specifically, the fact that there were images, and indeed, suspected illegal images, contained on defendant's computer negates any defense that defendant's instructions to his family members to conceal his computer were innocent. Indeed, the evidence found on his computer establishes that defendant knew there was evidence, and possibly even illegal contraband, contained on his computer, and thus further illustrates his intent to obstruct justice and conceal evidence from the government.

The proffered evidence also meets the additional criteria of Rule 404(b). Specifically, the proffered evidence is similar enough and close enough in time to be relevant to the matter in issue.

11

Indeed, the proffered evidence was obtained from defendant's computer which was seized only days after defendant traveled to Illinois in order to engage in sexual conduct with "Ashley." In addition, the evidence is sufficient to support a jury finding that the proffered evidence was in fact defendant's. The evidence was found on defendant's computer, which was located in defendant's room. Further, the webcam video described above establishes that defendant was the individual using the computer located in his room.

Finally, the probative value of the proffered evidence is not substantially outweighed by the danger of unfair prejudice. Any danger regarding the jury's improper use of the evidence can be minimized by appropriate limiting instructions. *See United States v. Wright*, 943 F.2d 748, 752 (7th Cir. 1991); *United States v. Penson*, 896 F.2d 1087, 1093 (7th Cir. 1990).

There is no doubt but that the proffered evidence in this case will have some prejudicial impact on defendant. However, it is not so unduly prejudicial as to substantially outweigh the probative value of a key element in this case – intent. *Wright*, 943 F.2d at 752. The proffered evidence in this case, as described above, is probative to questions directly at issue in this case. As other circuits have recognized, in specific intent crimes, evidence of the possessions with which a defendant surrounds himself is admissible to show the defendant's mental state and, therefore, his intent at the time of the charged acts. In *United States v. McInnis*, 976 F.2d 1226 (9th Cir. 1992), for example, the defendant was charged with the racially-motivated use of force to interfere with housing rights. The government had to prove that the defendant committed certain acts because of racial animus. To do so, the district court allowed the government to introduce materials retrieved from the defendant's home. Those materials included posters and signs with strongly negative racial content, as well as household items with swastikas engraved in them. The Ninth Circuit in *McInnis* found that all the materials were "clearly relevant to establishing [defendant's] racial hatred and that he acted on that hatred, an element of the crime charged." *Id.* at 1232. The court rejected the

defendant's contention that the materials should be excluded as too prejudicial. Here, defendant surrounded himself with pictures of what appears to be underage females and profile images of the same. This fact is directly relevant to establishing his desire to talk to and engage in sexual conduct with underage females and thus is directly relevant to the facts of this case.

Accordingly, the evidence found on defendant's computer, namely, images of child pornography and profile images of young females should be admitted at trial.

### III. Motion to Admit Undercover Detective's Online Statements to the Defendant.

As described above, this case involves numerous online conversations between an undercover detective, posing as a 15 year old female named "Ashley," and the defendant. The undercover detective saved the online chats and at trial will lay a proper foundation for their admissibility. The chats contain statements by both the defendant and the undercover detective. The defendant's statements are clearly admissible as admissions by a party opponent. Fed. R. Evid. 401(a)(2). The undercover detective's statements are similarly admissible as the statements are not offered for their truth, but rather are offered to provide context so as to make defendant's statements intelligible as admissions. *See e.g., United States v. Davis*, 890 F.2d 1373, 1379-80 (7th Cir. 1989); *see also United States v. McClain*, 934 F.2d 822, 832 (7th Cir. 1991). Accordingly, this Court should enter an Order finding that the online chats are admissible in their entirety.

### IV. Additional Unopposed Motions.

On September 9, 2008, counsel for the government conferred with defense counsel regarding the filing of the instant Motions. Defense counsel stated that he does not oppose the following government motions:

(A)　preclude the defendant from introducing evidence, advancing arguments or questions, or otherwise mentioning the potential penalties faced by him if convicted

(*United States v. Richardson*, 130 F.3d 765, 778 (7th Cir. 1997); *United States v. Lewis*, 110 F.3d 417, 422 (7th Cir. 1997));

(B) preclude defendant from arguing or otherwise presenting evidence or pursuing lines of inquiry designed to elicit jury nullification (*United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996)); and

(C) preclude counsel from requesting discovery from witnesses or opposing counsel, moving the Court for such discovery, or otherwise commenting on discovery matters, in the presence of the jury.

## **Conclusion**

WHEREFORE, the government respectfully requests that this Court grant its Motions *in Limine*.

                              Respectfully submitted,

                              PATRICK J. FITZGERALD
`                           United States Attorney


By:    s/Bethany K. Biesenthal
         BETHANY K. BIESENTHAL
         MICHELLE NASSER
         Assistant United States Attorney
         219 South Dearborn Street
         Chicago, Illinois 60604
         (312) 886-7629

## **CERTIFICATE OF SERVICE**

The undersigned Assistant United States Attorney hereby certifies that the following documents:

**Government's Consolidated Motions** *in Limine*

were served on September 12, 2008, in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.


   /s Bethany K. Biesenthal
BETHANY K. BIESENTHAL
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312)886-7629